IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PORTIA ALEXANDER, )
)
   Plaintiff, )
) NO. 3:25-cv-00841
v. )
) JUDGE RICHARDSON
FRANK BISIGNANO, COMMISSIONER )
OF SOCIAL SECURITY, )
)
   Defendant. )

## <u>ORDER</u>

Pending before the Court[1] is the report and recommendation (Doc. No. 17, "R&R") of the

Magistrate Judge, which recommends that the motion for judgment on the administrative record

(Doc. No. 11, "Motion") filed by Plaintiff, Portia Alexander, be granted, and that this action be

remanded to the Social Security Administration for further administrative proceedings consistent

with the R&R. (Doc. No. 17 at 15). No objections to the R&R have been filed and the time for

filing objections has now expired.

Absent any objection to the statement of the procedural background and relevant facts

(regarding underlying circumstances of this case) set forth by the Magistrate Judge in the R&R,

the Court adopts that statement in its entirety and includes it here for reference.[2]

---

[1] Herein, except in one quoted paragraph from the R&R wherein the Magistrate Judge refers to herself as
"the Court," "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who
authored the R&R.

[2] As noted in the R&R, references to the transcript of the administrative record (Doc. No. 5) are made using
the abbreviation "AR." All page numbers cited in the AR refer to the Bates stamp at the bottom right corner
of the respective pages.

## I. INTRODUCTION

On March 23, 2022, Plaintiff proactively filed an application for DIB and SSI. (Transcript of the Administrative Record (Docket No. 5) at 11). In her applications, Plaintiff asserted that, as of the alleged onset date of December 7, 2023, she was disabled and unable to work due to the following physical or mental conditions: degenerative disc disease, fibromyalgia, arthritis in neck and wrists, cyst on lung, possible glaucoma, insomnia due to pain, and high blood pressure. (AR 338.)

The claim was denied initially on November 9, 2022 (AR 109–10) and upon reconsideration on October 11, 2023 (AR 128). On April 25, 2024, Administrative Law Judge ("ALJ") Robert Martin held an in-person hearing at which Plaintiff appeared with counsel and testified. (AR 68–87.) On August 13, 2024, the ALJ denied Plaintiff's claim. (AR 11–24.) On June 24, 2025, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (AR 1–3.) Plaintiff then timely commenced this civil action pursuant to 42 U.S.C. § 405(g) on July 24, 2025. (Docket No. 1.)

## II. THE ALJ'S FINDINGS

In his August 13, 2024 decision, the ALJ included the following enumerated findings:

1. The claimant last met the insured status requirements of the Social Security Act through March 31, 2027.

2. The claimant has not engaged in substantial gainful activity since December 7, 2023, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: Fibromyalgia, osteoarthrosis, and spine disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c).

6. The claimant is capable of performing past relevant work as a warehouse worker, Dictionary of Occupational Titles (DOT)# 922.687-018 medium and unskilled with SVP of 2 and as a janitor, DOT#381.687-018 medium and unskilled with SVP of 2. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from December 7, 2023, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(AR 14-24.)

(Doc. No. 17 at 2-3 (footnotes omitted)). Regarding the basis for the Motion, the Magistrate Judge noted as follows:

Plaintiff makes four assertions of error: (1) the ALJ inadequately weighed and considered medical opinion evidence in assessing Plaintiff's [residual functional capacity ("RFC")]; (2) the ALJ improperly considered Plaintiff's fibromyalgia in assessing Plaintiff's RFC; (3) the ALJ considered the wrong period of past relevant work; and (4) the ALJ improperly made an alternative finding that Plaintiff could perform certain light work. (Docket No. 11 at 3–11.) Plaintiff asks the Court to remand the matter back to the SSA for further consideration, presumably pursuant to sentence four of 42 U.S.C. § 405(g), though she did not specify. (*Id.* at 11.)

(*Id*. at 5-6).

The Magistrate Judge concluded that the Motion should be granted and that this matter should be remanded to the Social Security Administration[3] due to the failure of the ALJ to "take into account the unique features of fibromyalgia in accordance with [Social Security Ruling] 12-2p[.]" (Doc. No. 17 at 14). The Magistrate Judge also advised that on remand the ALJ should take into account Plaintiff's arguments—although not reaching the merits of these particular arguments in the R&R—that "(1) the ALJ failed to include any 'reasonably traceable limitation' in her RFC

---

[3] Although the R&R did not explicitly so state, the recommended remand appears to be a remand that necessarily would be pursuant to sentence four of 42 U.S.C. § 405(g)

to account for her fibromyalgia treatment; (2) the ALJ considered the wrong period of past relevant work; and (3) the ALJ improperly made an alternative finding that Plaintiff could perform certain light work." (*Id.*).[4]

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*,

---

[4] Of note, the Magistrate Judge explicitly rejected Plaintiff's first assertion of error—namely the Magistrate Judge rejected Plaintiff's contention that "the ALJ inadequately weighed and considered medical opinion evidence in assessing Plaintiff's RFC." (Doc. No. 17 at 5, 11).

322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 17) is adopted and approved. Accordingly, Plaintiff's Motion (Doc. No. 11) is **GRANTED**, and this matter is **REMANDED** to the Social Security Administration for further administrative proceedings consistent with the R&R.

Accordingly, the Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE